NATIONAL CASH REGISTER CO. *v.* SCHARL CONSTRUCTION CO.

1. SALES—OPTION TO REJECT FOR DISSATISFACTION—GOOD FAITH.
   Buyer of accounting machine, in exercising option to reject it after certain time if it failed to do work to buyer's satisfaction, must act in good faith, and be honestly dissatisfied.

2. SAME.
   Court's finding that buyer's rejection of accounting machine after trial because of dissatisfaction was not in good faith, *held*, supported by testimony.

As to good faith of buyer in rejecting article, see annotation in 17 L. R. A. 210.

Appeal from Kent; Perkins (Willis B.), J.  Submitted April 21, 1932.  (Docket No. 94, Calendar No. 36,394.)  Decided June 6, 1932.

Assumpsit on the common counts by National Cash Register Company against Scharl Construction Company for goods sold and delivered.  Judgment for plaintiff.  Defendant appeals.  Affirmed.

*Dunham, Taylor & Allaben,* for plaintiff.

*Cornelius Hoffius,* for defendant.

FEAD, J.  Plaintiff had judgment, on trial before the court, for the price of an accounting machine purchased by defendant for computing costs, after plaintiff's agent had investigated defendant's needs and had made a written proposal regarding the advantages of the machine.  The original contract to purchase permitted the defendant to return the machine within three months after delivery "if it fails to do the work to our satisfaction as outlined in your proposal."  About three months after delivery, defendant offered return, expressing dissatisfaction but not stating in what respect.  There is dispute as to the effect of a subsequent contract, replacing the original order and executed upon a slight change being made in the machine, and as to the timeliness of rejection, but it will be assumed that defendant's contentions in these respects are well founded.

Defendant's principal claim is that it was orally represented that the machine would compute costs more speedily than the existing system, and failure to do so was the cause of the dissatisfaction.  It is conceded that, to reject the machine, defendant must have acted in good faith and been honestly dissatisfied.  *Morehead Manfg. Co.* v. *Alaska Refrigerator Co.,* 203 Mich. 543.

Under defendant's former system, costs were computed by an office man, from reports received from field men. The same system followed introduction of the machine. The office man made his computations of the costs and they were copied on the machine. It is inconceivable that plaintiff represented that the machine would copy reports and produce results before the computations were made which had to be made before the machine could begin to work, or that defendant honestly and in good faith rejected the machine because it did not do what, in the nature of things, is impossible under defendant's method of use.

The circuit judge said:

"There are other reasons which I might mention, but I will not do so, which lead me to the conclusion that there was some other reason rather than the inefficiency of the machine, which leads the defendant to avoid payment therefor."

Among the reasons for attempted return of the machine were the facts that defendant was abandoning its Grand Rapids office and found it was not practical to move the machine from job to job and did not want to keep and pay for it.

The testimony supports the finding of the court, and judgment is affirmed, with costs.

CLARK, C. J., and McDONALD, POTTER, SHARPE, NORTH, and WIEST, JJ., concurred. BUTZEL, J., did not sit.